DIXIE STATE BANK, a Utah corporation, Plaintiff and Appellant,

v.

John Paul JOHNSTON, Jeffrey A. Richard, and Nanette Richard, Defendants and Respondents.

No. 19693.

Supreme Court of Utah.

Feb. 28, 1986.

LaMar J. Winward, St. George, for plaintiff and appellant.

Brent A. Gold, Park City, for defendants and respondents.

HOWE, Justice:

We granted this interlocutory appeal to review an order of change of venue.

On or about May 4, 1982, defendant Johnston financed the purchase of an automobile through plaintiff. To secure the loan of $8,313.22, he gave plaintiff a security interest in the automobile. He made only one payment in the amount of $248.27. In October, 1982, plaintiff took possession of the automobile and, after giving notice, sold it at a private sale for $5,500. In the first count of its complaint, plaintiff seeks to recover from Johnston the deficiency plus interest, costs, and attorney fees.

Sometime before the private sale, defendants Richard tendered to plaintiff a check in the amount of $744.81 for delinquent payments. This check was returned to plaintiff uncollected, the check being marked "account closed." In the second count of its complaint, plaintiff seeks to recover from the Richards the amount of the bad check plus interest, costs, and attorney fees.

Plaintiff filed its complaint in Washington County. Defendants moved alternatively to dismiss the complaint or to change venue to Salt Lake County since all of defendants were residents of that county. The district judge denied the motion to dismiss, but granted the motion for change of venue, and the case was transferred to Salt Lake County.

We do not decide whether the change of venue was properly granted because plaintiff acquiesced in the change by filing in the District Court of Salt Lake County a motion for default judgment, and subsequently took a default judgment against defendant Johnston for the balance owing on the agreement, plus attorney fees. A motion was filed to set aside that judgment and plaintiff entered its written objections to that motion. All of this activity occurred while plaintiff was seeking a review of the change of venue in this Court. Since plaintiff has availed itself of the resources of the District Court of Salt Lake County and pursued its action there, it has waived any objection it had to the change of venue.

For that reason we do not disturb the order changing venue.

Order affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.